UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Kersaint Saint Fleur,

                              Petitioner,

                                                                          **Hon. Hugh B. Scott**

                                                                              05CV469

                              v.

                                                                              **Decision
&
Order**

Department of Homeland Security,

                              Respondent.
_____

Before the Court is the defendants' motion for summary judgement and to stay discovery (Docket No. 3).

## Background

The petitioner, Kersaint Saint Fleur ("Fleur"), seeks habeas corpus relief challenging his detention and deportation to Haiti. Fleur asserts four grounds in his petition seeking to vacate a January 31, 2005 Removal Order. The first two claims are based upon Fleur's argument that he is a United States citizen, and therefore not subject to removal or detention pending removal. In his third ground for relief, Fleur argues that the Immigration Judge abused his discretion in denying Fluer relief from removal. In his last claim, the petitioner argues that his detention is in violation

1

of his due process rights because it is based solely upon a conviction which was obtained due to an allegedly "involuntary and unknowing guilty plea."

In the instant motion, the respondent seeks dismissal of the petitioner's challenge to his detention by asking the Court to rule as to the merits of his nationality claims.  The District Court lacks jurisdiction to determine such issues. Marquez-Almanzar v. Immigration & Naturalization Service, 418 F.3d. 210 (2d. Cir. 2005);  Jordon v. Attorney General of U.S., 424 F.3d 320, 326-327 (3d Cir.2005)(It has become clear that the REAL ID Act precludes district court jurisdiction in a petition challenging a final order of removal after denial of a derivative citizenship claim). Thus, the motion for summary judgment is denied.

Further, upon review of the petition, it appears that Fleur does not allege that his detention is a violation of 8 U.S.C. §241 and Zavydas v. Davis, 533 U.S. 678 (2001).  Thus, Clerk of the Court is directed to take action to transfer the entirety of the instant petition to the Second Circuit Court of Appeals pursuant to the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror and Tsunami Relief, 2005 (Pub. L. No. 109-13, 119 Stat. 231) referred to as the "REAL ID Act."

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 27, 2006